# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CONNIE HORTON, as Administrator of the Estate of Charles Farrar,[*]<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY, and<br>CRST EXPEDITED, INC.,<br><br>Defendants. | Case No. CIV-15-226-RAW |

## ORDER & OPINION

Plaintiff filed this action in the District Court of Leflore County, Oklahoma against National Union Fire Insurance Company (hereinafter "National") and CRST Expedited, Inc. (hereinafter "CRST"), bringing causes of action for negligence, negligent entrustment and wrongful death after Charles Farrar was killed in an automobile accident allegedly caused by an agent or employee of CRST driving a vehicle owned by CRST. National is the insurance carrier for CRST. Defendants removed the action to this court pursuant to 28 U.S.C. § 1332. Now before the court are the motion for judgment on the pleadings by National [Docket No. 14] and the motion for partial judgment on the pleadings by CRST [Docket No. 15].

**JUDGMENT ON THE PLEADINGS STANDARD**

In considering a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the court uses the same standard it uses in considering a motion to dismiss pursuant to Fed. R.

---

[*] On September 14, 2015, the parties jointly stipulated to a dismissal without prejudice of the three individual plaintiffs' claims.

Civ. P. 12(b)(6).  Accordingly, for purposes of the motions for judgment on the pleadings, the court accepts as true all of the factual allegations in the Petition and construes those facts in the light most favorable to Plaintiff.  See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008).  Of course, the court does not accept as true conclusory statements or legal conclusions.  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To survive the motions for judgment on the pleadings, the Petition "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plaintiff must nudge her "claims across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.

> [T]he Twombly / Iqbal standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.  In other words, Rule 8(a)(2) still lives.  Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

Burnett v. Mortgage Elec. Registration Sys., Inc., 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)).

**NATIONAL'S MOTION**

In the Petition, Plaintiff states that National is a proper party defendant in this action pursuant to 47 OKLA. STAT. § 230.30.  National argues that it is not a proper party under 47

2

OKLA. STAT. § 230.30, as Oklahoma is not its base state. Section 230.30 "has been interpreted as creating a direct cause of action by a person injured by operation of a motor carrier against the motor carrier's insurer." Berry v. Transportation Distrib. Co., No. 12-CV-488-JED-FHM, 2013 WL 5966130, *2 (N.D. Okla. Nov. 8, 2013). In Berry, the insurer did not argue that the statute did not apply to it. National argues that section 230.30 only permits a direct action against an insurer that has obtained a license in Oklahoma and filed a certificate of insurance with the Oklahoma Corporation Commission (hereinafter "OCC"), and as it has not done so, the statute does not apply to it.

The court agrees. Section 230.30 does not apply to an insurer that has not obtained a license from the OCC and has not filed with the OCC a liability insurance policy or bond. See Hubbard v. Liberty Mut. Fire Ins. Co., No. CIV-06-356-S, 2007 WL 1299270, at *8 (May 1, 2007 E.D. Okla.). As Defendant maintains that it does not have an Oklahoma license, Plaintiff does not allege that Defendant has an Oklahoma license, and there is no judgment in favor of Plaintiff against CRST at this time, the direct action against National is hereby dismissed without prejudice.

**CRST'S MOTION**

In addition to negligence and wrongful death, Plaintiff brought a cause of action labeled "negligent entrustment," in which Plaintiff alleges that CRST failed to properly train and supervise its driver. CRST stipulated that it would be responsible for any negligence of its driver pursuant to the doctrine of *respondeat superior*. CRST argues that its stipulation eliminates the availability of any claims for negligent hiring, training, supervision, retention and/or entrustment.

CRST is correct. Since CRST has stipulated that its driver was acting in the course of his employment when the accident occurred and that it is responsible for any negligence of its driver pursuant to the *respondeat superior* doctrine, imposing liability on CRST under any other theory would be "unnecessary and superfluous." Jordan v. Cates, 935 P.2d 289, 293 (Okla. 1997); Barnes v. Western Express Inc., No. CIV-14-574-R, 2015 WL 2131353, (May 7, 2015 W.D. Okla.) (holding that an employer's stipulation as to vicarious liability precluded any negligent entrustment claim regardless of any factual dispute relating to the employer's knowledge of its driver's negligence). Accordingly, those claims are dismissed.

**SUMMARY**

National's motion [Docket No. 14] is GRANTED. National is dismissed without prejudice. CRST's motion [Docket No. 15] is also GRANTED. As CRST has stipulated that it is responsible for any negligence of its driver pursuant to the *respondeat superior* doctrine, any claims for negligent hiring, training, supervision, retention and/or entrustment are dismissed.

**IT IS SO ORDERED** this 25th day of November, 2015.

**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**